NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000904
13-AUG-2018
07:56 AM

NO. CAAP-15-0000904

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

INDE COGGINS, JERRY COGGINS and COGGINS, INC.,
a Hawaii corporation, dba SPLASHER'S GRILL,
Plaintiffs/Counterclaim Defendants-Appellees,
v.
KONA SEASIDE, INC., a Hawaii corporation,
Defendant/Counterclaim Plaintiff-Appellant,
and
JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-252K)

MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Defendant/Counterclaim Plaintiff-Appellant Kona Seaside, Inc. (Kona Seaside) appeals from the Final Judgment and Order Granting Plaintiffs/Counterclaim Defendants Inde Coggins, Jerry Coggins and Coggins, Inc., dba Splasher's Grill's (collectively, the Coggins Plaintiffs) Motion for Summary Judgment (Judgment) filed on October 28, 2015 in the Circuit Court of the Third Circuit (Circuit Court).[1]

I.    BACKGROUND

Kona Seaside is a Hawai'i corporation that owns and leases real property located in Kailua-Kona, Hawai'i. Coggins, Inc. (the Coggins Corporation), represented by Jerry and Inde

---

[1]    The Honorable Ronald Ibarra presided.

Coggins as President and Vice-President, respectively, executed a lease agreement on or about May 27, 2010 to lease a portion of real property (Property) from Kona Seaside (Lease) for the purpose of operating a restaurant. The Coggins Corporation currently operates a restaurant business on the Property under the name Splasher's Grill. The Lease term commenced on June 1, 2010 and will expire on August 31, 2021. Kona Seaside and the Coggins Corporation are the only parties to the Lease.

A number of conditions were stipulated in the Lease. As relevant to this appeal, Condition F. provided that "[i]f the restaurant is sold by [the Coggins Corporation] from September 1, 2011 - August 31, 2016, [Kona Seaside] shall receive 40% of gross selling price, 35% from September 1, 2016 - August 31, 2021" (Sale Condition). The Lease also included the stipulation that Kona Seaside has "the right, whether reasonable or unreasonable, to reject a new Lessee, if the type of operation or financial picture of Lessee is different enough to change the entire type of operation and equal financial picture of seller" (Consent Provision). Finally, the Lease included a standard non-assignment clause stating:

> Lessee shall not assign this lease, or any interest therein, and shall not sublet the said premises or any part thereof, or any right or privilege appurtenant thereto, or suffer any other person (the agents and servants of Lessee expected) to occupy or use the said premises, or any portion thereof, without the written consent of Lessor first had and obtained, and a consent to one assignment, subletting, occupation or use by any other person, shall not be deemed to be a consent to any subsequent assignment, subletting, occupation or use by another person. Any such assignment or subletting without such consent shall be void, and shall, at the option of the Lessor, terminate this lease. This lease shall not, nor shall any interest therein, be assignable, as to the interest of Lessee, by operation of law, without the written consent of the Lessor.

(Non-Assignment Clause).

The entirety of the shares of the corporate stock of the Coggins Corporation are owned by Inde and Jerry Coggins as individuals (collectively, the Shareholders). On or about February 11, 2014, the Shareholders executed a Stock Sale and Purchase Agreement (Purchase Agreement), in which they contracted to sell the entirety of their stock in the Coggins Corporation to

2

two other individuals.

Kona Seaside, having learned of the Purchase Agreement, sent a letter to the Coggins Corporation's counsel, on or about March 20, 2014, informing him that Kona Seaside expected information regarding the proposed purchaser of the stocks so it could determine whether it would consent to the assignment of the Lease. Kona Seaside also notified counsel of its expectation that it would receive 40% of the gross selling price of the stocks sold pursuant to the Sale Condition in the Lease. Kona Seaside informed the Coggins Corporation that it would pursue "all of its available remedies" if its requests were not satisfied.

The Coggins Corporation responded to Kona Seaside and explained that it understood that the sale of corporate stock was not a sale of the restaurant pursuant to the terms of the Lease. The Coggins Corporation argued that no provision in the Lease specified that the sale of a controlling interest through the sale of stock of the Coggins Corporation would be considered an assignment of the Lease and that Kona Seaside had no claim to any portion of the gross selling price of the Coggins Corporation's stock. As a result of the impasse between the Coggins Corporation and Kona Seaside, the Purchase Agreement was terminated.

The Coggins Corporation filed a complaint seeking a declaratory judgment regarding the construction and interpretation of the Lease (Complaint). The Complaint sought a declaratory judgment holding that:

(1) The sale of the Shareholders' shares of stock in the Coggins Corporation is not a sale of the "restaurant," its good will, assets, furnishings and/or equipment, or an assignment of the Lease, within the meaning of the Lease; and

(2) Kona Seaside is not entitled to a commission from the sale of the Shareholders' shares of stock in the Coggins Corporation.

Kona Seaside answered the Complaint and filed its own counterclaim (Counterclaim), seeking a declaratory judgment

holding that:

(1)   the sale of all the stock of the Coggins Corporation is a sale of the restaurant, entitling Kona Seaside to 40% of the gross selling price, if the sale was completed prior to August 31, 2016;

(2)   Kona Seaside's written consent is required for any proposed sale of the stock because that is an assignment of "any interest" in the lease and would result in other persons occupying or using the premises as set forth in Paragraph 11 of the Lease; and

(3)   The Coggins Corporation and the Shareholders breached the duty of good faith and fair dealing by not notifying Kona Seaside of its intended sale of the restaurant, and their intention to turn over possession and the use of the premises to other persons, refusing to share information regarding the proposed purchaser with Kona Seaside, and threatening Kona Seaside and its president and director, Alan Kimi (Kimi), with criminal sanctions if Kona Seaside did not withdraw its demand for 40% of the gross selling price of the restaurant.

Both parties sought summary judgment on their respective claims.  Final judgment was entered by the Circuit Court on or about October 28, 2015 (Judgment).  The Judgment granted the Coggins Corporation's two motions for summary judgment on all counts in the Complaint and denied Kona Seaside's motion for summary judgment on all counts in the Counterclaim. The Circuit Court entered a declaratory judgment as follows:

(1)   The Lease provisions do not require Plaintiffs Inde Coggins and Jerry Coggins to obtain the prior consent of [Kona Seaside] for the sale of their corporate stock in [the Coggins Corporation];

(2)   The Lease provisions contain no restriction on the right of Plaintiffs Inde Coggins and Jerry Coggins to sell their shares of stock in [the Coggins Corporation];

(3)   Under the provisions of the Lease, [Kona Seaside] is not entitled to a "commission" or any other payment or compensation for any sale of corporate stock by Plaintiffs Inde Coggins and Jerry Coggins; and

(4)    The Plaintiffs attempts to sell their corporate stock in [the Coggins Corporation] do not constitute a breach of implied covenant of good faith and fair dealing under the terms of the Lease.

Kona Seaside now appeals.

## II.    POINTS ON APPEAL

Kona Seaside asserts two points of error.  In Point One, Kona Seaside argues that the Circuit Court erred in granting summary judgment in favor of the Coggins Plaintiffs "because the restaurant is clearly being sold and their interest in the Lease is being assigned."  Alternatively, in Point Two, Kona Seaside argues that the Circuit Court erred in granting summary judgment "because there were genuine issues of material fact as to the parties' intentions in the arguably vague and ambiguous language of the Lease."  Kona Seaside argues that the language of the Lease's Sale Condition stating that it is entitled to a certain percentage of the gross selling price "[i]f the restaurant is sold" was made vague and ambiguous by the Coggins Plaintiffs' claim that the sale of the stock of the Coggins Corporation is not a sale of the restaurant.

## III. STANDARDS OF REVIEW

"On appeal, the grant or denial of summary judgment is reviewed de novo."  First Ins. Co. of Hawai'i v. A & B Props., Inc., 126 Hawai'i 406, 413, 271 P.3d 1165, 1172 (2012) (citing Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008)).  Furthermore,

[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.  The evidence must be viewed in the light most favorable to the non-moving party.  In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id. at 413-14, 271 P.3d at 1172-73 (citation omitted).

## IV.    DISCUSSION

At issue in both points on appeal is the construction and interpretation of the Lease and the decision (1) whether the

sale of the stock of the Coggins Corporation by the Shareholders requires the Shareholders to pay a commission from the gross selling price to Kona Seaside and (2) whether the sale of the stock without the consent of Kona Seaside is a violation of the Consent Provision and/or Non-Assignment Clause.

Regarding the court's review of a lease agreement, the Hawai‘i Supreme Court has instructed that

> [l]eases are essentially contractual in nature and are reviewed under principles of contract law. Cho Mark Oriental Food v. K & K Int'l, 73 Haw. 509, 519, 836 P.2d 1057, 1063 (1992); Maui Land & Pineapple Co. v. Dillingham Corp., 67 Haw. 4, 10, 674 P.2d 390, 394 (1984) (leases should be analyzed under principles of contract law); Lau v. Bautista, 61 Haw. 144, 149, 598 P.2d 161 Haw. P.2d 161, 165 (1975) ("a lease is essentially a contractual relationship"); Lemle v. Breeden, 51 Haw. 426, 433, 462 P.2d 470, 475 (1969) (a lease is "more importantly[ ] a contractual relationship"). "Absent an ambiguity, contract terms should be interpreted according to their plain, ordinary, and accepted sense in common speech." Cho Mark, 73 Haw. at 520, 836 P.2d at 1064. Moreover, the "construction and the legal effect to be given a contract is a question of law freely reviewable by an appellate court." Id. at 519, 836 P.2d at 1063.

Aickin v. Ocean View Invs. Co., Inc., 84 Hawai‘i 447, 457, 935 P.2d 992, 1002 (1997).

The Lease is an agreement between the Coggins Corporation and Kona Seaside. The Shareholders, Inde and Jerry Coggins, as individuals, are not parties to the Lease. The Sale Condition provides: "[i]f the restaurant is sold by [the Coggins Corporation] from September 1, 2011 - August 31, 2016, [Kona Seaside] shall receive 40% of gross selling price, 35% from September 1, 2016 - August 31, 2021. Kona Seaside argues that the proposed sale of the Shareholders' stock to new purchasers constitutes a sale of the restaurant triggering the obligation to pay a commission to Kona Seaside pursuant to the Sale Condition. We disagree for two reasons. First, a stock sale is not a sale of the "restaurant" under any reasonable construction. Second, the Shareholders are not parties to the Lease. We will address each issue in turn.

The general rule in Hawai‘i is that "when a corporation has been legally formed, it has an 'existence as a separate and distinct entity.'" Evanston Ins. Co. v. Luko, 7 Haw. App. 520, 522, 783 P.2d 293, 295 (1989) (quoting Henry Waterhouse Tr. Co.

v. Home Ins. Co. of Hawaii, 27 Haw. 572, 581 (1923)).
Accordingly, a corporation and its shareholders are distinct
legal entities; this is true even where one individual owns all
of the corporation's stock. See 18 C.J.S. Corporations § 6
(2018). Generally, a corporation, as a distinct legal entity,
has the ability to lease property and otherwise enter into
contracts in its own name. Id. at § 737 ("Corporations generally
have the same power as natural persons to make contracts").
There is no allegation by Kona Seaside that the Coggins
Corporation was unable to contract in its own right and no
allegation that there is any defect regarding the manner the
Lease was executed.

The Coggins Corporation is a distinct legal entity and
is the only lessee pursuant to the Lease. The Shareholders, as
individuals, are distinct legal entities from the corporation
and, in this case, are not parties to the Lease. Shareholders
neither own the assets or property of the corporation nor are
they personally liable for the debts of the corporation. 18A Am.
Jur. 2d Corporations § 623, 717 (2018); see also 18 C.J.S.
Corporations § 7. Rather, the shares of stock held by a
shareholder represent the acquisition by that shareholder of "a
fractional or proportional interest in the corporation's capital
stock, assets, profits, and liabilities." 18A Am. Jur. 2d
Corporations § 623. Of course, a shareholder may expressly
guarantee an obligation of a corporation. See id. at § 723.
However, no such guarantee was provided in the present case.

The sale of stock in the Coggins Corporation by its
shareholders, therefore, is not and cannot be considered a "sale"
of corporate assets or the "restaurant" under any reasonable
interpretation. If the Shareholders in this case were to proceed
to sell all of their stock in the Coggins Corporation to another
individual or legal entity, the Coggins Corporation would remain
the owner of all its assets and responsible for its contractual
obligations.

In addition, Kona Seaside's assertion that it is
entitled to a forty percent "commission" from the sale of the
Stockholders' gross selling price of the Coggins Corporation's

stock presumes that the Coggins Corporation, in signing the Lease, could bind the Shareholders, as individuals, to the contractual obligation to pay the commission provided in the Sale Condition. As explained above, the Coggins Corporation is a distinct legal entity from its Shareholders. Kona Seaside has presented no argument that the Coggins Corporation could so bind the Shareholders as individuals to such an agreement, absent the explicit agreement of the Shareholders.

We find (1) there is no ambiguity in the Sale Condition and (2) the Sale Condition is not applicable to the Shareholders' proposed stock sale in the Coggins Corporation. Therefore, the Circuit Court did not err in granting summary judgment in favor of the Coggins Plaintiffs on this basis.

Kona Seaside also argues that the alleged "sale" of the restaurant through the sale of stock in the Coggins Corporation would violate the Non-Assignment Clause and Consent Provision. The issue of whether the sale of stock of a corporation constitutes an assignment under the terms of a lease has been addressed by a number of courts but appears to be an issue of first impression in Hawaiʻi.

The general rule is that the sale of some or even all the stock issued by a tenant corporation to new shareholders does not constitute an assignment of the corporate tenant's lease unless the lease provides the contrary. See 1 Andrew R. Berman, Friedman on Leases § 7:3.3 (6th ed. 2018). As explained by a leading treatise on the subject,

> The ordinary restriction against tenant transfer is aimed at transfers of the leasehold interest. It does not bar transfer of stock control of a corporate tenant. Thus, the ordinary non-assignment clause, no matter how well drawn otherwise, may be circumvented in the case of a corporate tenant by a change in stock control.

Id.; see also In re Ames Dept. Stores, Inc., 127 B.R. 744, 748-749 (Bankr. S.D. N.Y. 1991) (rule adopted in Illinois); Alabama Vermiculite Corp. v. Patterson, 124 F.Supp. 441, 445 (W.D.S.C. 1954) (same in Alabama); Ser-bye Corp. v. C.P. & G. Markets, Inc., 179 P.2d 342, 345-46 (Cal. 2d Dist. 1947) (same in California); Branmar Theater Co. v. Branmar, Inc., 264 A.2d 526, 527-28 (Del. Ch. 1970) (same in Delaware); Posner v. Air Brakes

8

& Equip. Corp., 62 A.2d 711, 714 (N.J. Super. Ct. Ch. Div. 1948)
(same in New Jersey); Dennis' Nat. Mini-Meals, Inc. v. 91 Fifth
Ave. Corp., 172 A.D.2d 331, 334-35 (N.Y. App. Div. 1991) (same in
New York).

As explained by one court, this rule makes sense
because

> [a] landlord entering a lease with a corporate tenant
> should be presumed to know that it is an artificial
> entity with a life distinct from the individuals who
> may from time to time be its owners. If a landlord
> wished to protect itself against such vicissitude, it
> could easily write into the lease a condition
> subsequent. One can certainly not be implied,
> however.

Rubinstein Bros. v. Ole of 34th St., Inc., 421 N.Y.S.2d 534, 538
(N.Y. Civ. Ct. 1979). We hold that the same rule is applicable
under Hawai'i law. The sale of a corporation's stock by the
corporation's shareholders, even if it constitutes a controlling
interest thereof, is not an assignment of the corporation's lease
unless the lease explicitly provides the contrary.[2]

Landlords may, of course, take action to protect
themselves from this eventuality by including a provision in the
lease stating that a change of control of the corporate tenant
constitutes an assignment under the lease. See e.g., Nat'l Bank
of Albany Park in Chicago v. S.N.H., Inc., 336 N.E.2d 115, 123
(Ill. App. Ct. 1975) (a lease may by express provision prohibit
the sale of corporate stock when it changes the control of the
corporation); see also Friedman on Leases § 7:3.3 (lease may make
the transfer of stock control the equivalent to the assignment of
the lease); Assoc. Cotton Shops, Inc. v. Evergreen Park Shopping
Plaza of Delaware, Inc., 170 N.E.2d 35, 38-39 (Ill. App. Ct.

---

[2]     Kona Seaside has not alleged any misrepresentation or fraud by the
Coggins Plaintiffs and has made no allegation that the Coggins Corporation was
used by the Shareholders to perpetuate any fraud on Kona Seaside. No
allegations have been made to suggest that the Coggins Corporation was not
acting as a legitimate corporation at all times. Kimi's Declaration, attached
to his memorandum opposing summary judgment, merely states that Kimi expected
that Jerry and Inde Coggins would be personally involved in the day-to-day
operations of the business. While it may not have been Kimi's intent or
desire that Jerry and Inde Coggins would sell their shares in the Coggins
Corporation and no longer be active in management of the restaurant, there is
no evidence that Jerry and Inde Coggins, as individuals, ever agreed to such a
stipulation. We see no evidence creating a genuine issue of material fact
from Kimi's Declaration, or the exhibits attached thereto, that would preclude
the entry of summary judgment in the Coggins Plaintiffs' favor.

1960) (enforcing lease provision allowing landlord to terminate lease if change in share ownership resulted in change of control of corporate tenant). No such provision was included in the lease at issue in this case.

Also, because the tenant corporation would remain the same before and after the stock sale, Kona Seaside would not have the right to consent a new lessee as there would be no new lessee. The lessee is and would remain the Coggins Corporation. Therefore, the proposed stock sale would not violate the Lease's Consent Provision.

We find no ambiguity in the terms of the Lease. According to its plain terms, Kona Seaside is not entitled to a percentage of the gross selling price from the sale of the Shareholders' stock in the Coggins Corporation. In addition, such a stock sale would be in violation of neither the Non-Assignment Clause nor the Consent Provision.

The Circuit Court did not err in granting summary judgment in favor of the Coggins Plaintiffs.

V.   CONCLUSION

The Final Judgment and the Order Granting Plaintiffs/Counterclaim Defendants Inde Coggins, Jerry Coggins and Coggins, Inc., dba Splasher's Grill's Motion for Summary Judgment, both filed on October 28, 2015, in the Circuit Court of the Third Circuit are affirmed.

DATED:   Honolulu, Hawai‘i, August 13, 2018.

On the briefs:

Francis L. Jung,
and Carol Monahan Jung,
(Jung & Vassar, P.C.),
for Plaintiffs/Counterclaim
Defendants-Appellees.

Gary G. Grimmer,
and Ann C. Kemp,
(Gary G. Grimmer & Associates),
for Defendant/Counterclaim
Plaintiff-Appellant.

Presiding Judge

Associate Judge

Associate Judge

10